(128 App. Div. 691.)

### GILL v. BELL'S KNITTING MILLS.

(Supreme Court, Appellate Division, Third Department. November 25, 1908.)

1. BANKRUPTCY (§ 165*)—FRAUDULENT PREFERENCE—EFFECT TO GIVE PREFERENCE.

   The managers of a concern who, as well as the principal creditors, believed it to be solvent, transferred its property under an agreement with all the unsecured creditors to another corporation organized to hold the property and conduct the business for the benefit of the unsecured creditors until it could sell or had recovered from its financial embarrassment, no part of the profits for such time to go to the managers or the secured creditors. The secured creditors were amply secured, and were fully paid upon the subsequent bankruptcy of the corporation. *Held*, that the agreement was for the benefit of all the unsecured creditors except the two managers who assented to it, and was not fraudulent as a preference to any creditors.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 165.*]

2. BANKRUPTCY (§ 140*)—RIGHTS OF TRUSTEE—PROPERTY VESTING IN HIM—PROFITS OF BUSINESS.

   Where a corporation, under a valid agreement with unsecured creditors, transferred its property to another corporation to conduct its business during what it believed to be a temporary financial embarrassment, all profits to go to the unsecured creditors, any profits earned during that time belonged to the creditors, and not to the embarrassed corporation or the trustee appointed on its subsequent bankruptcy.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 224; Dec. Dig. § 140.*]

3. TRUSTS (§ 35*)—EXISTENCE OF RELATION.

   Where a corporation was organized for holding the property and conducting the business of another corporation during its financial embarrassment, under an agreement with creditors that the profits during that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time should go to the unsecured creditors, the holding corporation held the property as trustee for the creditors.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 45; Dec. Dig. § 35.*]

4. TRUSTS (§ 289*)—ACCOUNTING—DUTY.

In a proper proceeding, it must account for such profits.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 408; Dec. Dig. § 289.*]

Chester, J., dissenting.

Appeal from Trial Term, Ulster County.

Action by Walter N. Gill, as trustee of the Henry H. Bell & Sons Company, bankrupt, against Bell's Knitting Mills, to have an agreement set aside as a preference. From an interlocutory judgment declaring the agreement illegal and appointing a referee, defendant appealed. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Einstein, Townsend & Guiterman (M. S. Guiterman, of counsel), for appellant.

Linson & Van Buren (John J. Linson, of counsel), for respondent.

JOHN M. KELLOGG, J. The evidence shows that Arthur E. Bell and Winslow M. Bell had sole charge of the affairs and management of the Henry H. Bell & Sons Company. The company having, as they believed and as the principal creditors believed, assets more than enough to pay its liabilities, its only need being financial assistance to tide over a lack of present money or time to dispose of the business as a going concern, by agreement with the creditors and in order to protect themselves and their family as the larger stockholders of the company, they made a transfer of its personal property and a lease of its real estate to the Bell's Knitting Mills, a corporation formed for the sole purpose of conducting the business for the benefit of creditors and extricating it from its embarrassment. In order to induce the other creditors to assent to the arrangement, the said Bells agreed in writing that the business should be conducted by said corporation for the benefit of the creditors, but that no part of the profits of the business of the corporation so to be organized should be paid to either of them or the secured creditors on account of their claims. The evidence shows conclusively that the secured creditors had ample security, and were in fact paid from such security, the secured property, realizing a surplus to the trustee in bankruptcy. This agreement was therefore made for the benefit of all the creditors, except those who were amply and fully secured, and the two Bells, who were parties to the agreement, and agreed that their claims should be deferred. The agreement, therefore, cannot by any stretch of the imagination be said to be fraudulent, or with the intent to give one creditor an undue preference over another. It was made for the benefit of the creditors, and no creditor could be prejudiced by it except the two who actually caused the agreement to be made and who assented to its terms. If the trustee in bankruptcy should succeed in having

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this agreement declared void, it confers no benefit upon the creditors except the two Bells, who would then perhaps receive a greater per cent. upon their claims than they would if the agreement stands. Any profits realized by the defendant from the business belonged to the creditors, other than the Bells, under the agreement, and never was the property of the bankrupt or the plaintiff.

At the close of all the evidence, the defendant moved for a nonsuit, upon the ground that the plaintiff had failed to establish a cause of action, which motion was denied, and it excepted. This motion should have been granted, unless the plaintiff had been allowed by the trial court to change his position, and seek an accounting by the defendant as a holder of the corpus of the property. Perhaps this course was open to him, but we need not now determine it. The transfer of the property to the defendant was made for the benefit of the creditors, and the defendant company was formed for a like purpose. It carried on the business for some time, and perhaps may have accounts outstanding against it. If the transfer to it is declared fraudulent, it might prejudice the claims of its creditors, and be detrimental to the interests of all concerned. The defendant clearly holds the property as trustee for the creditors, and in a proper proceeding must account therefor.

It is unnecessary now to consider whether upon the present pleadings or upon amended pleadings in this action, or in what manner the defendant may properly be called to an account for the assets of the bankrupt. The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Interlocutory judgment reversed and new trial granted, with costs to appellant to abide event. All concur, except CHESTER, J., who dissents.