### GILL v. BELL'S KNITTING MILLS.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

1. BANKRUPTCY (§ 279*)—ADMINISTRATION OF ESTATE—ACTION BY TRUSTEE.

Where a corporation leased its manufacturing plant to defendant to be operated for a specified period for the benefit of unsecured creditors, the subsequently appointed trustee in bankruptcy of such corporation is entitled to maintain an action against defendant for an accounting, though there be no surplus in defendant's hands after the complete execution of the trust agreement.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 279.*]

2. BANKRUPTCY (§ 305*)—ADMINISTRATION OF ESTATE—RIGHTS OF TRUSTEE.

Though the trustee in bankruptcy may require defendant, to whom the bankrupt had leased its manufacturing plant to be operated for the benefit of unsecured creditors, to account and pay to him whatever remains in defendant's hands after payment of unsecured creditors in full, the interlocutory judgment, directing the accounting, which provides for payment to such trustee of all the proceeds of the personal property transferred to defendant and the net profits of the business conducted by it, is too broad.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 305.*]

Appeal from Special Term, Ulster County.

Action by Walter N. Gill, trustee in bankruptcy of the Henry H. Bell's Sons' Company, against the Bell's Knitting Mills. From an interlocutory judgment for an accounting, defendant appeals. Modified and affirmed.

See, also, 128 App. Div. 691, 113 N. Y. Supp. 90.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Arthur M. Levy, for appellant.
John J. Linson, for respondent.

COCHRANE, J. On a former appeal herein (128 App. Div. 691, 113 N. Y. Supp. 90) it was held that the agreements between the bankrupt corporation, Henry H. Bell's Sons' Company, and the defendant, Bell's Knitting Mills, made prior to the bankruptcy of the former corporation, were valid and lawful. By those agreements Henry H. Bell's Sons' Company transferred all of its property, except its real estate, to the defendant, "the same to be liquidated, used, and applied for the benefit of the creditors of Henry H. Bell's Sons' Company, except creditors whose claims are secured and A. E. Bell and W. M. Bell," and leased to the defendant all its real estate, constituting its manufacturing plant, for about eight months, upon condition that the said property and plant should be operated and conducted by the defendant for the benefit of the creditors of Henry H. Bell's Sons' Com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

pany, except those whose claims were secured and A. E. Bell and W. M. Bell. The agreements were consented to by A. E. Bell and W. M. Bell. A trust relationship was thereby established between the two corporations. The defendant entered upon the trust, and took possession of all the property, and sold the personal property, and continued the business and operated the plant for the term specified in the lease. It has not. accounted to any one, and has refused information to plaintiff concerning the condition of the trust affairs.

If Henry H. Bell's Sons' Company had not gone into bankruptcy, clearly it could require an accounting by the defendant and payment by the latter of any surplus in its hands arising from the proceeds of the property transferred to it and the profits of the business conducted by it under the aforesaid agreements, over and above what was necessary for the liquidation of the debts of Henry H. Bell's Sons' Company, except secured debts and debts in favor of A. E. Bell and W. M. Bell, in accordance with the terms of the agreements. The plaintiff, having succeeded to the rights of the latter company under said agreements, is entitled to the same relief. It was held on the former appeal that the defendant must account. Even though there be no surplus in the hands of defendant after the complete execution of its trust, the plaintiff is nevertheless entitled to an accounting in order to have the defendant charged with the proper amount, so as to minimize the claims it agreed to liquidate, which for any unpaid balances will remain valid claims against the bankrupt estate in the hands of the plaintiff.

The complaint is sufficiently broad to permit such relief in this action. There are, it is true, allegations that the agreements were without consideration and were made with intent to create a preference. But, disregarding those allegations, the trust relationship and all the facts necessary to entitle the plaintiff to an accounting herein are alleged, and such relief is demanded in the complaint and is comprehended within the scope of the pleading. The interlocutory judgment directs such accounting, and further provides that the plaintiff is entitled to recover all the proceeds of the personal property transferred to the defendant and the net profits of the business conducted by it. Clearly the plaintiff cannot have such relief. He is justly entitled to an accounting and to have paid to him whatever remains in the hands of the defendant after payment in full of all the creditors of the bankrupt corporation, except its secured creditors and A. E. Bell and W. M. Bell. That is all which Henry H. Bell's Sons' Company could require if it had not become bankrupt, and the plaintiff can require no more.

The interlocutory judgment should therefore be modified, so as to provide that the defendant shall only be required to pay to the plaintiff such amount as may appear on the accounting herein to remain in its hands after payment in full of all the creditors of the bankrupt corporation, except secured creditors and A. E. Bell and W. M. Bell, and the proper expenses and disbursements of the defendant, and, as so modified, should be affirmed, with costs to both parties payable out of the amount, if, any, thus found due to plaintiff.     All concur.